ESTATE OF SAMUEL ARD, JR., DECEASED, SHARON A. RUSSELL, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Ard v. Commissioner
Docket No. 15485-88
United States Tax Court
T.C. Memo 1990-294; 1990 Tax Ct. Memo LEXIS 312; 59 T.C.M. (CCH) 869; T.C.M. (RIA) 90294; June 13, 1990, Filed *312 Decision will be entered under Rule 155. Claude E. Bankester, for the petitioner. J. Craig Young, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM OPINION Respondent determined a deficiency in the estate tax liability of the Estate of Samuel Ard, Jr., in the amount of $ 2,506,593.41. The parties disposed of most of the issues raised by the pleadings, by agreement, leaving for our decision only whether the proceeds of a life insurance policy on decedent's life, which was owned by his daughter, purchased within *313 three years of decedent's death, are includable in decedent's gross estate under section 2035(a). [1]
All of the facts have been stipulated and are found accordingly. Petitioner, the Estate of Samuel Ard, Jr., is represented by Sharon A. Russell, Executrix of the Estate. Mrs. Russell resided in Gulf Shores, Alabama, at the time the petition in this case was filed. Samuel Ard, Jr. (decedent), died on January 25, 1984. At the time of his death, there was a life insurance policy on decedent's life, policy number 19-178914 with Loyal American Life, in the amount of $ 1,000,000. Mrs. Russell, decedent's daughter, applied for this policy on April 7, 1983. She signed the application for the policy as the applicant and the decedent signed the application as the proposed insured. The Loyal American Life policy number 19-178914 was issued on April 20, 1983. Under the terms of the policy *314 and Alabama law, Sharon Russell was the policy owner at all times from the time of the issuance of the policy. Mrs. Russell was the beneficiary of the policy. At the time the application was made for the Loyal American Life policy number 19-178914, Sharon Russell and decedent agreed that all of the monthly premiums on this policy would be paid by decedent. The monthly premium payments on the policy were paid by pre-authorized withdrawals from decedent's personal checking account at the SouthTrust Bank of Baldwin County, Alabama. Decedent neither sought nor received any consideration from Sharon Russell in return for the premium payments on the policy. Upon the death of decedent, the proceeds from the Loyal American Life policy number 19-178914 in the amount of $ 1,000,000 were distributed to Sharon Russell as beneficiary. An estate tax return was filed on behalf of decedent's estate on April 25, 1985, with the Internal Revenue Service Center, Atlanta, Georgia. The $ 1,000,000 proceeds of the Loyal American Life policy number 19-178914 were not included in the gross estate on the estate tax return as filed. Respondent in his notice of deficiency increased the gross estate by *315 the $ 1,000,000 proceeds of the Loyal American Life policy number 19-178914 with the explanation that it is determined that decedent transferred the life insurance policy within three years of his death when he paid premiums on the policy owned by his daughter. When this case was called for trial and the stipulation filed, the parties stated they did not wish to file briefs since they agreed that the facts and applicable law in this case were not distinguishable from the facts and applicable law in the case of Estate of Leder v. Commissioner, 89 T.C. 235 (1987), which at that time was on appeal to the United States Court of Appeals for the Tenth Circuit. The parties requested that if the Estate of Leder case was reversed by the Tenth Circuit, they be permitted to file briefs with respect to the instant case, but that they did not otherwise wish to file briefs. On December 28, 1989, the United States Court of Appeals for the Tenth Circuit affirmed the decision of this Court in Estate of Leder. Estate of Leder v. Commissioner, 893 F.2d 237 (10th Cir. 1989). In Estate of Leder v. Commissioner, supra, we held that under the plain *316 language of section 2035(a), as limited by section 2035(d)(1) and (2), the proceeds of a life insurance policy purchased by Mr. Leder's spouse within three years of his death were not includable in his estate since he never had, and therefore could not transfer, any incidents of ownership in the policy so as to require its inclusion in the estate under section 2042. The facts there showed that the premiums on the policy had been paid by Mr. Leder's wholly owned corporation, but we concluded that even if these payments were considered payments by Mr. Leder, the proceeds of the policy were not includable in Mr. Leder's estate. We stated that section 2035(a) generally required inclusion in a decedent's gross estate of any interest in property transferred by him within three years of his death for less than adequate and full consideration. We called attention to the fact that section 2035(d)(1), applying to estates of decedents dying after 1981, nullifies section 2035(a), except in certain cases of transfers described in section 2035(d)(2). Section 2035(d)(2) provides an exception to section 2035(d)(1) for transfers under section 2042. We concluded that the proceeds of the insurance *317 policy were not includable in decedent's estate under section 2042, since the decedent had never had or transferred any incidents of ownership in the policy there involved. We held that section 2035(d)(1), which provided that, except as otherwise provided in that subsection, subsection (a) shall not apply to the estate of a decedent dying after December 31, 1981, overrode section 2035(a). We concluded that under section 2042, the payment of premiums or by whom the premiums were paid was immaterial and only the incidents of ownership were controlling in determining whether insurance proceeds were included in a gross estate. Since the decedent in the Leder case never had and never transferred any incidents of ownership in the policy, the proceeds were not includable in his estate. The Circuit Court affirmed our holding using the same reasoning used in our opinion. The facts in this case are not distinguishable from the facts in Estate of Leder v. Commissioner, supra, and on the basis of our holding in that case, we conclude that the million-dollar proceeds of the insurance policy here in issue are not includable in decedent's gross estate. Since Estate of Leder, *318 we have reaffirmed our holding in that case in Estate of Headrick v. Commissioner, 93 T.C. 171 (1989), and in a number of Memorandum Opinions. Because of the issues disposed of by agreement of the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the date of decedent's death.↩